Levi Lesches — SBN 305173
levi@lescheslaw.com
**LESCHES LAW**
5757 Wilshire Blvd., Ste. 535
Los Angeles, CA  90036-3621
T: 323-900-0580
F: 323-289-2575

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OJ COMMERCE, LLC, a Delaware limited liability company,<br><br>         Plaintiff,<br><br>    v.<br><br>562 EXPRESS, INC., a California corporation,<br><br>         Defendant. | Case: 2:23-cv-106<br><br>**COMPLAINT FOR:**<br><br>**(1) CONVERSION;**<br><br>**(2) CIVIL THEFT;**<br><br>**(3) INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, THE PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Plaintiff, OJ COMMERCE, LLC ("OJC") demanding a jury trial on all causes of action, alleges as follows:

## PARTIES

1. Plaintiff OJC is a Delaware limited liability company with its principal place of business in Broward County, Florida. Plaintiff's single member resides in Florida. OJC is an online retailer engaged in interstate commerce within the continental United States.

2. Defendant 562 EXPRESS is a California corporation, with its principal place of business in Long Beach California, and is a trucking company.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant, because it is Defendant's place of residence, and is where the primary events of the causes of action stated herein occurred.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## INTRODUCTION

6. Between December 13-14, 2022, Defendant stole nine (9) of Plaintiff's shipping containers full of products that were intended for Plaintiff's customers during the holiday season. Despite being informed that it had no right to steal, possess, or retain Plaintiff's containers or their contents, Defendant

nonetheless took containers without Plaintiff's permission and has continued to retain Plaintiff's products, causing hundreds of thousands of dollars in damages to Plaintiff. Indeed, Defendant has retained the contents of Plaintiff's containers with the intent to cause Plaintiff injury. Plaintiff files this Complaint to remedy this grave injustice.

**FACTS COMMON TO ALL COUNTS**

7. OJC is an online retailer who sells a variety of products online within the continental United States.

8. OJC also imports some products via ocean freight containers from Asia, for those products to be sold within the continental United States.

9. In December 2022, OJC imported four (4) containers to the APM Terminals in Los Angeles California, which were identified by container Nos. GLDU7208342, MSMU5351302, FSCU8375189, FSCU6621030 (collectively, the "APM Containers").

10. In December 2022, OJC also imported five (5) containers to the PCT Terminals in Long Beach California, which were identified as container Nos. FBLU0221540, UETU5851068, WHSU5838796, WHSU6872630, WHSU6598895 (collectively, the "PCT Containers").

11. The PCT Containers and the APM Containers are collectively referred to as "OJC's Containers," and they contained products that OJC had imported for sale in the United States. True and correct copies of the bills of lading for all OJC's Containers are hereby attached as **Exhibit A**.

12. Upon information and belief, Defendant 562 EXPRESS is a trucking company that is engaged in the business of picking up containers from terminals to their designated warehouses.

13. On December 13, 2022, Defendant picked up from the APM Terminals container No. FSCU6621030, and Defendant picked up from the PCT Terminals container Nos. FBLU0221540 and UETU5851068; and on December 14, Defendant picked up from the APM Terminals container Nos. GLDU7208342, MSMU5351302, and FSCU8375189, and Defendant picked up from the PCT Terminals container Nos. WHSU5838796, WHSU6872630, WHSU6598895 (collectively, the "Unauthorized Pickups").

14. Defendant had no authorization from Plaintiff to pick up any of OJC's Containers, to retain OJC's Containers, or to retain the contents of OJC's Containers.

15. On December 15, 2022, Plaintiff sent a letter informing Defendant that it had no authorization to pick up any of OJC's Containers, and demanded their immediate return. A true and correct copy of the demand letter is hereby attached as **Exhibit B** (the "Demand Letter").

16. In its Demand Letter, Plaintiff advised Defendant that OJC's Containers contain holiday products, and OJC's customers are waiting for their delivery.

17. Presently, Defendant is still holding OJC's Containers and their contents in its possession.

18. Defendant refuses to return OJC's Containers or their contents to Plaintiff.

19. A true and correct copy of a schedule of the contents of OJC's Containers, and their values totaling $663,952.71, is hereby attached as **Exhibit C**.

///

///

# COUNT I – CONVERSION

## Plaintiff OJC Against Defendant 562 Express

20. OJC incorporates paragraphs 1 to 19 by reference.

21. Plaintiff is the legal and rightful owner of OJC's Containers and their contents.

22. Defendant is holding OJC's Containers and their contents in its possession, and refuses to release OJC's Containers and their contents to Plaintiff.

23. Defendant's exercise of control on OJC's Containers and their contents is inconsistent with Plaintiff's rights to those Containers and their contents.

24. As a result of Defendant's wrongful action, OJC incurred damages, including the value of the contents of OJC's Containers, incidental damages related to the storage and moving of OJC's Containers, and lost sales of the items that were in OJC's Containers.

25. Despite knowing that it has no right to retain OJC's Containers and their contents, and that Plaintiff's customers are waiting for the delivery of the products contained in those Containers, Defendant continues to retain Plaintiff's property against Plaintiff's will. Defendant's conversion of Plaintiff's property has been and is being done with malice, whereby Defendant has intended and is intending to cause injury to Plaintiff, and Defendant has willfully and consciously disregarded Plaintiff's rights to its property.  By its conduct, Defendant has also caused Plaintiff oppression, as Defendant has cruelly and unjustly robbed Plaintiff of its property rights in OJC's Containers and their contents.  Accordingly, Plaintiff is entitled to punitive damages from Defendant for its conversion of OJC's Containers and their contents.

WHEREFORE, OJC seeks monetary damages, in the form of reimbursements for value of the content for OJC's Containers, in a sum no less than $663,952.71; lost sales, cost of this action, incidental damages, punitive damages for Defendant's malicious and oppressive conduct, and any other relief this Court finds just and proper.

## COUNT II - CIVIL THEFT
## Plaintiff OJC Against Defendant 562 Express

26. OJC incorporates paragraphs 1 to 25 by reference.

27. This action arises out of Cal. Penal Code § 496(c) that provides a remedy for any person that has been injured as a result of knowingly withholding any property from its owner.

28. Defendant withheld OJC's Containers and their contents and refuses to return them to Plaintiff.

29. Defendant knew that it had no authorization to pick up OJC's Containers in the first place, and none to retain OJC's Containers and their contents.

30. As a result of Defendant's theft of OJC's Containers, OJC incurred damages.

31. Despite knowing that it has no right to retain OJC's Containers and their contents, and that Plaintiff's customers are waiting for the delivery of the products contained in those Containers, Defendant continues to retain Plaintiff's property against Plaintiff's will. Defendant's theft of Plaintiff's property has been and is being done with malice, whereby Defendant has intended and is intending to cause injury to Plaintiff, and Defendant has willfully and consciously disregarded Plaintiff's rights to its property.  By its conduct, Defendant has also caused Plaintiff oppression, as Defendant has cruelly and

unjustly robbed Plaintiff of its property rights in OJC's Containers and their contents. Accordingly, Plaintiff is entitled to treble and punitive damages from Defendant for its theft of OJC's Containers and their contents.

WHEREFORE, OJC seeks monetary damages, in a sum no less than $663,952.71; consequential damages, punitive damages, treble damages, and reasonable attorney's fees pursuant to Cal. Penal Code § 496(c), together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT III - INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE
### Plaintiff OJC Against Defendant 562 Express

32. OJC incorporates paragraphs 1 to 31 by reference.

33. OJC had a business relationship with its retail customers, who purchased the products that were included in OJC's Containers.

34. Defendant was aware of that business relationship, because OJC informed them in the Demand Letter that its "customers are being denied their holiday gifts and not receiving them" as a result of Defendant's wrongful actions.

35. Defendant intentionally interfered with that business relationship, by taking possession of and retaining OJC's Containers and their contents against Plaintiff's will and without Plaintiff's authorization, and thus making it impossible for Plaintiff to deliver those products contained in OJC's Containers to Plaintiff's retail customers.

36. As a result of Defendant's wrongful actions, OJC was injured in the form of lost sales, harm to reputation and goodwill, and incidental costs associated with cancellations and refunds and appeasement of unsatisfied customers.

37. Despite knowing that it has no right to retain OJC's Containers and their contents, and that Plaintiff's customers are waiting for the delivery of the products contained in those Containers, Defendant continues to retain Plaintiff's property against Plaintiff's will. Defendant's interference with Plaintiff's economic advantage has been and is being done with malice, whereby Defendant has intended and is intending to cause injury to Plaintiff, and Defendant has willfully and consciously disregarded Plaintiff's rights to its economic advantage. By its conduct, Defendant has also caused Plaintiff oppression, as Defendant has cruelly and unjustly robbed Plaintiff of its economic advantage that would result from OJC's Containers and their contents. Accordingly, Plaintiff is entitled to punitive damages from Defendant for its intentional interference.

WHEREFORE, OJC demands monetary damages for lost sales, incidental damages, punitive damages, cost of this litigation, prejudgement interest, and any other relief this Court finds just and proper.

Respectfully submitted,

**LESCHES LAW**

DATED: January 8, 2023

By: /s/ Levi Lesches

Levi Lesches
5757 Wilshire Blvd., Ste. 535
Los Angeles, CA 90036-3621
T: 323-900-0580
Attorneys for Plaintiff

**PURSUANT TO C.D. CAL. L.R. 38-1, PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES TRIABLE BY RIGHT.**

                               Respectfully submitted,

                               LESCHES LAW

DATED: January 8, 2023      By: /s/ Levi Lesches

                                 Levi Lesches
                                 5757 Wilshire Blvd., Ste. 535
                                 Los Angeles, CA 90036-3621
                                 T: 323-900-0580
                                 Attorneys for Plaintiff